IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| V. | ) | 7:12-CR-00040 |
| | ) | |
| LINDA SUE CHEEK | ) | |
|     Defendant. | ) | |

## MOTION FOR JUDGMENT OF ACQUITTAL

## NOTWITHSTANDING THE VERDICT

COMES NOW the Defendant, Linda Sue Cheek, by counsel, pursuant to Rule 29( c )(1), and moves this Court for the entry of a Judgment on Acquittal Notwithstanding the Jury's Verdict on Counts 1-172. In support of this Motion, the Defendant states as follows:

1. Counts 1-5 charged the Defendant with knowingly and intentionally dispensing and distributing a controlled substance without holding a valid certificate of DEA registration in violation of 21 U.S.C. Section 841(a)(1). To find the Defendant guilty, the trier of fact must find beyond a reasonable doubt that the defendant dispensed the controlled substance identified in Counts 1 through 5, that the defendant did so **knowingly and intentionally** and that the Defendant's actions were not authorized, that is, they were done without a valid certificate of DEA registration. [emphasis added].

    The term knowingly means that the Defendant dispensed the controlled the substance voluntarily and intentionally and not by ignorance, mistake or accident.

    The Defendant argues to this Court that no reasonable trier of fact, based on the evidence, could find beyond a reasonable doubt that she knowingly and intentionally

dispensed the controlled substances in Counts 1 through 5.  The government's own evidence established that Defendant accidentally wrote the prescriptions in issue in Counts 1 and 2 and further that Defendant took reasonable steps to contact the patients to call back the prescriptions. As indicated in Government's Exhibit 37, Defendant's May 19, 2009 letter, the Defendant alerted the DEA as to those 2 written prescriptions and indicated these actions were a result of a mistake and accident.  This statement of the Defendant's intent was reiterated in her testimony at the DEA administrative hearing and in letters to the Virginia Board of Medicine. There was no evidence introduced to refute the Defendant's explicit statements as to her lack of criminal intent for Counts 1 and 2.

For these reasons, the Defendant moves this Court to set aside the verdicts of guilt on Counts 1 and 2.

Regarding Counts 3 through 5, Defendant argues that there was insufficient direct or circumstantial evidence to find her guilty beyond a reasonable doubt of knowingly and intentionally dispensing controlled substances without a valid DEA registration number. The Government argued that the Defendant acted intentionally and deliberately ignored or acted with willful blindness when writing the three prescriptions at issue in Counts 3 through 5.  The Court instructed the trier of fact that "in determining whether the defendant was willfully blind, you should not find the defendant guilty if all the evidence proves is mistake or careless disregard." Defendant would argue that the best evidence of the Defendant's intent is her own words both written and oral.  She told the authorities with the DEA that she had mistakenly written the first two prescriptions; there is no indication that the

Defendant even knew of the other prescriptions until she is actually testifying before the DEA Administrative Hearing On October of 2010. The prescriptions at issue in Counts 3 through 5 were written over a course of time in the first months of Defendant's return to practice in 2009, at random intervals, and issued on days when Defendant saw multiple patients for whom no prescriptions were written. The logical inference from this evidence, that any reasonable trier of fact should conclude, is that Defendant mistakenly or accidentally wrote the prescriptions at issue in Counts 3 through 5. Contrary to the argument of the Government, no reasonable trier of fact should conclude that the evidence established beyond a reasonable doubt that Defendant wrote these prescriptions intentionally and knowingly to "test" the DEA.

For these reasons, the Defendant moves this Court to set aside the verdicts of guilt on Counts 3 through 5.

2. Counts 6 through 10 charged the Defendant with knowingly and intentionally using a DEA registration number which had been revoked and suspended in the course of dispensing a controlled substance, in violation of 21 U.S.C. Section 843 (a)(2). To find the Defendant guilty, the trier of fact must find beyond a reasonable doubt that the Defendant in the course of dispensing the controlled substance, used a revoked or suspended DEA registration number and that the Defendant acted **knowingly and intentionally**. [emphasis added] Defendant adopts and restates the arguments set forth herein on Counts 1 through 5 regarding the Defendant's lack of criminal intent. For these reasons, the Defendant requests this Court to set aside the verdicts of guilt on Counts 6 through 10.

3. Counts 11 through 91 charge the defendant with knowingly and intentionally dispensing and distributing a controlled substance, without a valid DEA registration, and not for a legitimate medical purpose by a practitioner acting in the usual course of professional practice, in violation of 21 U.S.C. Section 841(a)(1). To find the Defendant guilty, the trier of fact must find beyond a reasonable doubt that the defendant dispensed or distributed the controlled substance, that the defendant acted **knowingly and intentionally** and that the defendant's actions were not authorized, that is, they were done without a valid DEA registration; or there were not for a legitimate medical purpose in the usual course of her professional practice or were beyond the bounds of medical practice. [emphasis added]

The term knowingly means that the Defendant dispensed the controlled the substance voluntarily and intentionally, that she did so by deliberately closing her eyes to what would otherwise be obvious to her, and/or that she did so not by ignorance, mistake or accident.

The Defendant argues to this Court that no reasonable trier of fact, based on the evidence, could find beyond a reasonable doubt that she possessed the necessary criminal intent to knowingly and intentionally dispensed the controlled substances in Counts in 11-91. The evidence established that the Defendant and Dr. Schultz took multiple steps throughout the 18 months of their joint practice to conform with what they thought the law required for the dispensing of medications to patients. Exhibit 37, dated May 19. 2009, advised the regulatory authorities as to the specifics of how patients were evaluated, treated, how medications were prescribed and received by the patient. At the conclusion of that letter, Defendant specifically asked the DEA to

let her know if the arrangement was incorrect and if so she would comply with any directives. Schultz testified at trial that during this same time period she was the supervisor of Dr. Cheek, she was seeing the patients who received the Schedule 2 meds, she had authorized Dr. Cheek to do the call –ins for Schedule 3-5 based on Cheek's evaluation of the patient and her review of the detailed charts. She testified further that she and Cheek did discuss the patients, the treatment protocols, and if she disagreed with a recommendation of Dr. Cheek, Dr. Cheek would listen and respond. On June 17, 2009, as evidenced by Exhibit_____, Schultz confirmed this same set of facts with the DEA. The DEA was specifically asked for advice on whether Schultz should continue in her working relationship with Dr. Cheek. Schultz testified at trial that she and Cheek wanted direction, she wanted a job description and they just wanted to get the arrangement right. This is certainly not indicative of a criminal intent on the part of Dr. Cheek.

   Within days of that June 17, 2009 conversation, the evidence established that Cheek and Schultz communicated directly with the DEA and after that contact Cheek changed the specifics of the working agreement so that Schultz was now to see each patient at least once; this change implanted the exact directive that Agent Tomazeifski advised Schultz that she needed to do. Government's Exhibit 44 should have made it clear to any reasonable trier of fact that Cheek, just as Dr. Schultz, had only the intent to comply with the law; no reasonable trier should have concluded any evidence of criminal intent as of May 2009, as of June 25, 2009 or any point thereafter. For subsequent to June 25, 2009, the Government's own evidence, as proven by the January 2010 and the July 29, 2010 letters of Dr. Schultz to the Board of Medicine

investigator, was that Drs. Cheek and Schultz believed that the appropriate doctor patient relationship had been established for the dispensing of the controlled substances of the patients at New River Medical Associates. (Exhibits * and *)

Dr. Cheek's lack of criminal intent was evident from the actions, the letters and the verbal statements of both she and Schultz. There was a complete lack of evidence that the Defendant deliberately and purposely closed her eyes to avoid knowing what was required of her arrangement with Dr. Schultz, and a complete lack of evidence that Dr. Cheek avoided knowledge or enlightment as to the specific requirements of the DEA regulations for the dispensing of controlled medications. The evidence as proven by the letters from Dr. Cheek to the DEA and to the Virginia Board of Medicine, the statements of Dr. Schulz to the DEA in June of 2009 and the letters of Dr. Schultz to the Virginia Board of Medicine, established at least if not more than reasonable doubt as to the lack of criminal on the part of Dr. Cheek.

For these reasons, no reasonable trier of fact should have found beyond a reasonable doubt that the Defendant dispensed the controlled substances knowingly and intentionally to violate 21 U.S.C. Section 841(1)(1). The Defendant moves this Court to grant a Judgment of Acquittal notwithstanding the jury's verdict of guilt on Counts 11 through 91.

4. Counts 92 through 172 charged the Defendant with knowingly and intentionally using a DEA registration number which was issued to another person, that is Dr. Schultz, in the course of dispensing and distributing controlled substances in violation of 21 U.S..C. Section 843(a)(2). To find the Defendant guilty, the trier of fact must find beyond a reasonable doubt that in the course of dispensing or distributing the

controlled substances alleged the Defendant used the DEA registration number issued to another person that is Dr. Schultz's DEA registration number and that the Defendant acted **knowingly and intentionally**. [emphasis added] Defendant adopts and restates the arguments set forth herein on Counts 11 through 91 regarding the Defendant's lack of criminal intent required for a finding of guilt on Counts 92-172. For these reasons, the Defendant requests this Court to set aside the verdicts of guilt on Counts 92- through 172.

5. Additionally, Defendant submits that the trier of fact's verdict of not guilty on Count173 is indicative of what a reasonable trier of fact should have found on Counts 1 through 172. The trier of fact definitively concluded that the Defendant did not knowingly maintain 28-32 Town Center Drive for the purpose of unlawfully distributing controlled substances. The trier of fact therefore necessarily found that the Defendant lacked the criminal intent to knowingly violate the 21 U.S.C. Section 856 (a)(1). The government evidence of the Defendant's criminal intent was the same for each of the Counts charged in this indictment. It is inconsistent for any reasonable trier of fact to conclude that the evidence of intent was insufficient for the offense charged in Count 173 but was sufficient to establish criminal intent for Counts 1 through 172.

6. Based on the foregoing arguments, the Defendant respectfully requests that the Court grant her Motion for Judgment of Acquittal Notwithstanding the jury's verdict of guilt on Counts 1 through 172.

                                                 Respectfully Submitted,

                                                 LINDA SUE CHEEK

By _____

Rhonda L. Overstreet, Esq.
VSB # 35717
Overstreet Sloan, PLLC
806 Eat Main Street
Suite 101
Bedford, Virginia 245213
540-597-1024
540-491-2500 facsimile
rhonda@overstreetsloan.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March 2013 I electronically filed a true and correct copy of the foregoing Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict with the clerk of the Court using the CM/ECF system which will send notification of the filing to Jennie Waering, Esquire, Assistant United States Attorney for the Western District of Virginia by electronic mailing to jennie.waering@usdoj.gov.

    /s/ Rhonda L. Overstreet

Rhonda L. Overstreet